🔍 Zoom-In    🔍 Zoom-Out    ↻


Go Back

## Allegheny County Department Of Court Records

### Civil/Family Division Docket Report

**Run Date and Time: 1/22/2019 - 15:5:41**

| GD-18-016961 | | Whetstone vs Darden |
|---|---|---|
| Filing Date: | 12/19/2018 | Case Type: | Other Tort |
| Related Cases: | | Court Type: | General Docket |
| Consolidated Cases: | | Current Status: | Affidavit of Service |
| Judge: | No Judge | Jury Requested: | N |
| Amount In Dispute: | $ 0 | | |

**--Parties--**

| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
|---|---|---|---|---|---|---|
| Whetstone | Larry | | Plaintiff | 3304 Vernon Avenue Pittsburgh PA 15227 | -- | -- |
| Malone Bussing Services | | | Defendant | 151 Ladd Springs Road South Ea Cleveland TN 37323 | -- | -- |
| Malone | Steve | | Defendant | 151 Ladd Springs Road South Ea Cleveland TN 37323 | -- | -- |
| Darden | Teresa | | Defendant | 2020 Bates Pike Sout East Apt. 701 Cleveland TN 37311 | -- | -- |

**--Attorney--**

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| Benestad | Brian | Paul | Plaintiff's Attorney | | -- |

**--Non Litigants--**

| LName | FName | MI | Type | Address | Phone |
|---|---|---|---|---|---|
| No Litigants Found | | | | | |

**--Docket Entries--**

| Filing Date | Docket Type | Docket Text | Filing Party |
|---|---|---|---|
| 1/17/2019 | Affidavit of Service | Complaint served upon Defendant by Certified Mail and First Class Mail on 12/19/2018 | Larry Whetstone |
| 12/19/2018 | Complaint | Returnable date on 01/18/2019 | Larry Whetstone |

**--Judgments Against--**

| Name | Amount | Satisfied(Y,N) |
|---|---|---|
| No Judgments Found | | |

**--Events Schedule--**

EXHIBIT
A

Allegheny County                                                    Page 2 of 2

| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
|---|---|---|---|
| No Information Found | | | |

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| LARRY WHETSTONE, | CIVIL DIVISION |
| Plaintiff, | No.  GD-18-016961 |
| v. | **COMPLAINT** |
| MALONE BUSSING SERVICES, STEVE MALONE and TERESA DARDEN, | Filed on behalf of Plaintiffs: |
| Defendants. | **Larry Whetstone** |
| | **JURY TRIAL DEMANDED** |
| | Counsel of Record for this Party: |
| | Brian P. Benestad, Esquire<br>Pa. I.D. No. 208857 |
| | HKM EMPLOYMENT ATTORNEYS LLP<br>220 Grant Street<br>Suite 401<br>Pittsburgh, PA  15219<br>412.485.0133<br>bbenestad@hkm.com |

1

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| LARRY WHETSTONE, | ) | Civil Division |
| | ) | |
| Plaintiff, | ) | No. GD-18-016961 |
| v. | ) | |
| | ) | |
| MALONE BUSSING SERVICES, | ) | |
| STEVE MALONE and TERESA | ) | |
| DARDEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this Complaint and Notice to Defend are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the clams set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
The Allegheny County Bar Association
3rd Floor Koppers Bldg.
436 Seventh Ave.
Pittsburgh, PA 15219
412-261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA**

| | | |
|---|---|---|
| LARRY WHETSTONE, | ) | Civil Division |
| | ) | |
| Plaintiff, | ) | No. GD-18-016961 |
| v. | ) | |
| | ) | |
| MALONE BUSSING SERVICES, | ) | |
| STEVE MALONE and TERESA | ) | |
| DARDEN, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

AND NOW COMES Plaintiff Larry Whetstone ("Plaintiff"), by and through the undersigned counsel and files the following Complaint against Defendant Malone Bussing Services ("Malone Bussing"), Defendant Steve Malone ("Mr. Malone") and Defendant Teresa Darden ("Defendant Darden") (collectively "Defendants"), stating as follows:

### Introduction

1.      This case concerns a 58-year-old man, Plaintiff Larry Whetstone, who was severely injured and will never drive a tractor trailer again, due to being struck by a Malone Bussing tour bus ("tour bus") on the Pennsylvania Turnpike in Monroeville, PA on April 27, 2018 while driving a tractor trailer in the course of his employment for Fraley & Schilling. The tour bus was owned by Malone Bussing and/or Steve Malone (registered owner of tour bus) and was driven by Defendant Darden. The accident occurred on April, 27, 2018, as both vehicles were attempting to exit the Pennsylvania Turnpike at I-57. Defendant Darden was at fault for the accident as she struck the tractor trailer driven by Plaintiff, and Defendant Darden was cited for driving on roadways laned for traffic and for a registration violation as well. Due to the accident, Plaintiff sustained severe injuries including a neck sprain, headaches, increased blood pressure, depression,

anxiety, acute stress disorder symptoms, post-traumatic stress disorder ("PTSD") and multiple other serious injuries. He continues to treat for these significant injuries sustained as a result of the accident and has been unable to and will continue to be unable to work for the foreseeable future causing considerable lost wages. All of these terrible injuries and intense PTSD were caused by the reckless and/or negligent operation of the commercial tour bus by Defendant Darden, under the employ of Malone Bussing and Mr. Malone. The Defendants are fully responsible for Plaintiff's injuries and condition, as well as fully responsible for his substantial back and future lost wages.

## The Parties

2.      Plaintiff Larry Whetstone is a competent adult individual, currently residing at 3304 Vernon Avenue, Pittsburgh, PA 15227.

3.      Defendant Malone Bussing Services is tour bus company with its headquarters located at 151 Ladd Springs Road SE, Cleveland, TN 37323.

4.      Defendant Steve Malone is the owner of Malone Bussing Services and the registered owner of the tour bus involved in the accident on April 27, 2018, and Mr. Malone's address is 151 Ladd Springs Road SE, Cleveland, TN 37323.

5.      Defendant Teresa Darden is an adult individual and employee of Malone Bussing, and Defendant Darden's address is 2020 Bates Pike SE, Apartment 701, Cleveland, TN 37311.

## Jurisdiction and Venue

6.      This Court has original jurisdiction over this action pursuant to 42 Pa. C.S.A. § 931.

7.      Venue is appropriate in the Court of Common Pleas of Allegheny County pursuant to Pa. R. Civ. P. 1006.

4

**Facts**

8.      On April 27, 2018 and at all relevant times hereto, Plaintiff was lawfully driving a tractor trailer (2017 Freightliner Conventional Truck) while employed by Fraley & Schilling on the Pennsylvania Turnpike.

9.      At all relevant times hereto, Malone Bussing and/or Mr. Malone was the owner of the 2017 Volvo 9700 Bus ("tour bus") involved in the April 27, 2018 crash with Plaintiff.

10.      At all relevant times hereto, Defendant Darden was operating the tour bus in the course and scope of her employment.

11.      At all times relevant hereto including on April 27, 2018 when the subject collision occurred, Defendant Darden was operating the tour bus owned by Malone Bussing and/or Mr. Malone with the express and implied permission of Malone Bussing and Mr. Malone.

12.      At all times relevant hereto, Defendant Darden was an agent, servant, workman and/or employee of Malone Bussing and Mr. Malone.

13.      At all relevant times hereto, Defendant Darden was operating the tour bus in the course and scope of her employment duties and/or in furtherance of the business interests of Mr. Malone and Malone Bussing.

14.      The collision which is complained of occurred on April 27, 2018 on the Pennsylvania Turnpike in Monroeville, PA.

15.      On April 27, 2018, Plaintiff was lawfully and carefully attempting to exit the Pennsylvania Turnpike when Defendant Darden, operating the Malone Bussing tour bus, negligently, carelessly and recklessly drove the tour bus causing it to collide with the tractor trailer driven by Plaintiff.

16.    As a result of her careless and reckless driving, Defendant Darden was cited by the Pennsylvania state police for driving on roadways laned for traffic and a registration violation.

17.    The actions of Malone Bussing and Mr. Malone, acting by and through their agent, servant, workman and/or employee, caused Plaintiff to suffer injuries as are hereinafter more fully described.

18.    The damages sustained by Plaintiff are the direct and proximate result of Defendants' negligence, ordinary and gross, and reckless, willful and wanton actions.

### Count I – Larry Whetstone v. Teresa Darden - Negligence

19.    Plaintiff incorporates all preceding paragraphs of the Complaint with the same force and effect as though set forth at length herein.

20.    Defendant Darden's negligence, both ordinary and gross, and reckless, willful and wanton actions include, but are not limited to, the following particulars:

    a.    Failure to properly observe the roadway;

    b.    Failure to properly brake her vehicle;

    c.    Operating the tour bus without due regard for the rights, safety and position of the tractor trailer driven by Plaintiff;

    d.    Operating the tour bus so as to bring it into sudden, forcible contact with the tractor trailer driven by Plaintiff;

    e.    Failure to maneuver the tour bus so as to avoid the crash and impact;

    f.    Failure to maintain adequate control over the tour bus;

    g.    Operating the tour bus with careless disregard for the safety of others in violation of state law;

    h.    Driving recklessly and causing injury to another person; and

     i.   Failure to obey the rules of the road and the statutes regarding the operation of a vehicle on public roadways.

21.    As a direct and proximate result of Defendant Darden's negligence, both ordinary and gross, and reckless, willful and wanton actions, Plaintiff sustained the following injuries, some or all of which are ongoing and may be permanent in nature:

    a.   neck sprain

    b.   headaches;

    c.   increased blood pressure;

    d.   depression;

    e.   anxiety;

    f.   acute stress disorder symptoms;

    g.   post-traumatic stress disorder ("PTSD");

    h.   major depressive disorder moderate symptoms;

    i.   generalized anxiety disorder;

    j.   multiple other serious injuries, symptoms and conditions; and

    k.   other injuries as listed in the medical records and as diagnosed in the future.

22.    Solely as a result of the aforesaid injuries and Defendant's actions, Plaintiff has sustained the following damages

    a.   He has been and will be required to expend large sums of money for medical attention, daily care, psychiatric treatment, hospitalization, medical supplies, medicines, attendant services, and prescriptions including but not limited to sertraline;

    b.   He has unpaid medical bills;

    c.   His general health, strength and vitality have been impaired;

    d.   He has been unable to enjoy the ordinary pleasures of life;

    e.   He has been unable to work or drive a commercial vehicle since the date of the accident;

    f.   He has been diagnosed with severe PTSD and an inability to return to work as a result of the accident;

    g.   Substantial lost back and future wages as Plaintiff is 58 and intended to work for at least another 15 years earning at least $55,000 annually plus bonuses; and

    h.   All other economic wage loss which becomes known.

23.    In addition to economic loss, Defendant Darden remains liable to Plaintiff herein for noneconomic wage loss pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Act and by reason of 75 Pa. C.S.A. § 1705.

24.    As a further result of the collision on April 27, 2018 described above, Plaintiff has suffered severe physical pain, mental anguish, loss of enjoyment of life, emotional distress, loss of vitality, vigor, health and/or strength and will continue to suffer for an indefinite time into the future including the following:

    a.   He suffered, and continues to suffer, extreme physical pain on a daily basis as a result of the aforementioned injuries; and

    b.   He suffered and continues to suffer emotional distress as a result of the trauma of the accident; and

    c.   He suffered and continues to suffer emotional distress as a result of his injuries, limitations, and disfigurement.

25.     As a result, Defendant Darden failed to satisfy his required duty of care, and Defendant Darden is liable to Plaintiff for the injuries and damages that he sustained.

26.     The totality of the conduct on the part of Defendant Darden evidenced a willful, wanton, reckless, callous and total disregard for the safety and physical well-being of Plaintiff and the public in general.

27.     Defendant Darden's conduct, involving the collision of a tour bus with a tractor trailer, was malicious and outrageous in nature, rendering Defendant Darden liable for the assessment of punitive damages.

28.     Plaintiff therefore seeks punitive damages under governing law in an amount within the jurisdictional limits of the Court.

29.     Plaintiff also alleges that the acts and omissions of Defendant Darden, whether taken singularly or in combination with others, constitute gross negligence and proximately caused the injuries to Plaintiff.  In that regard, Plaintiff will, as noted, seek exemplary damages.

WHEREFORE, Plaintiff Larry Whetstone demands judgment in his favor, an award of damages exceeding the applicable jurisdictional limits, and all other costs and expenses that the Honorable Court deems just.

### Count II – Larry Whetstone v. Malone Bussing Services and Steve Malone - Negligence

27.     Plaintiff incorporates all preceding paragraphs of the Complaint with the same force and effect as though set forth at length herein.

28.     At the time of the crash, Defendant Darden was operating the tour bus owned by Malone Bussing and/or Mr. Malone with Defendants' full knowledge and permission, whether express or implied by prior course of conduct.

9

29.     At the time that Malone Bussing and Mr. Malone entrusted their tour bus to Defendant Darden, Defendant Darden was an employee of Malone Bussing and Mr. Malone.

30.     The collision on April 27, 2018 and the resulting injuries and damages described above were a direct and proximate result of the negligence, carelessness and recklessness of Malone Bussing and Mr. Malone, acting by and through their agents, servants, workmen and/or employees, as follows:

    a.   In that the employee of Malone Bussing and Mr. Malone was operating their tour bus in a dangerous and unsafe manner under the circumstances;

    b.   In that the employee of Malone Bussing and Mr. Malone crashed a tour bus into a tractor trailer driven by Plaintiff;

    c.   In that the employee of Malone Bussing and Mr. Malone drove their tour bus so as to cause it to collide with Plaintiff's tractor trailer in violation of the Pennsylvania Motor Vehicle Code;

    j.   In that the employee of Malone Bussing and Mr. Malone operated their tour bus with careless disregard for the safety of others in violation of state law; and

    k.   In that the employee of Malone Bussing and Mr. Malone drove recklessly and caused injury to Plaintiff.

31.     Upon information and belief, at the time that Malone Bussing and Mr. Malone hired Defendant Darden, Malone Bussing and Mr. Malone failed to adequately screen Defendant Darden to determine whether she should be entrusted with their tour bus.

32.     Upon information and belief, at the time Malone Bussing and Mr. Malone entrusted their tour bus to Defendant Darden, Malone Bussing and Mr. Malone failed to take precautions to ensure that Defendant Darden would operate the tour bus in a safe and reasonable manner.

33.     At the time Malone Bussing and Mr. Malone entrusted their tour bus to Defendant Darden, Malone Bussing and Mr. Malone knew or reasonably should have known, that Defendant Darden would operate the tour bus in an unsafe, careless and reckless manner causing Plaintiff's injuries.

34.     At the time Malone Bussing and Mr. Malone entrusted their tour bus to Defendant Darden, Malone Bussing and Mr. Malone failed to adequately train and supervise Defendant Darden and monitor her use of the tour bus.

35.     At the time Malone Bussing and Mr. Malone entrusted their tour bus to Defendant Darden, Malone Bussing and Mr. Malone knew, or reasonably should have known, that Defendant Darden would, or was likely to, operate the tour bus in a willful, reckless, careless and/or negligent manner and that such willful, reckless, careless and/or negligent conduct was reasonably foreseeable to cause harm to others and Plaintiff.

36.     As a result of Malone Bussing and Mr. Malone entrusting their tour bus to Defendant Darden, Plaintiff was injured and suffered serious injuries and damages including, but not limited to substantial lost wages and those injuries specified in the paragraphs above in this Complaint.

37.     The injuries and damages Plaintiff suffered as a result of Defendants' reckless, careless and/or negligent conduct, including but not limited to, all actions or inactions specified in the paragraphs above, were reasonably foreseeable to Defendants.

38.     During all relevant times hereto, Defendant Darden was acting within the permissible course and scope of her employment with Malone Bussing and, as such, Malone Bussing and Mr. Malone are liable for Defendant Darden's actions under the doctrines of respondeat superior, master/servant liability and/or vicarious liability.

39.     In addition to economic loss, Defendants remain liable to Plaintiff herein for non-economic loss pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Act and by reason of 75 Pa.C.S.A. §1705.

40.     As a result, Defendants failed to satisfy its required duty of care, and is liable to Plaintiff for the injuries and damages that he sustained.

41.     The totality of the conduct on the part of Defendants evidenced a willful, wanton, reckless, callous and total disregard for the safety and physical well-being of Plaintiff and the public in general. This conduct was malicious and outrageous in nature, rendering Defendants liable for the assessment of punitive damages.

42.     Plaintiff therefore seeks punitive damages under governing law in an amount within the jurisdictional limits of the Court.  Plaintiff also alleges that the acts and omissions of Malone Bussing and Mr. Malone whether taken singularly or in combination with others, constitute gross negligence and proximately caused the injuries to Plaintiff.  In that regard, Plaintiff will seek exemplary damages in an amount that would punish Defendants for its conduct which would deter it and other companies from engaging in such misconduct in the future.

WHEREFORE, Plaintiff Larry Whetstone demands judgment in his favor, an award of damages exceeding the applicable jurisdictional limits, and all other costs and expenses that the Honorable Court deems just.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Larry Whetstone prays for judgment against Defendants, jointly and severally, as follows:

a.     Awarding actual damages to Plaintiff in an amount to exceed the jurisdictional limits and to be determined at trial;

b.     Awarding treble and/or punitive damages to Plaintiff;

c.     Awarding pre-judgment and post-judgment interest to the Plaintiff, as permitted by

law; and

d.     Granting all such other relief as the Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by Jury on all Counts and all issues.

Date:   December 19, 2018                    Respectfully Submitted,

_____
Brian P. Benestad, Esquire
Pa. I.D. 208857

HKM EMPLOYMENT ATTORNEYS LLP
220 Grant Street
Suite 401
Pittsburgh, PA  15219
412.485.0133
bbenestad@hkm.com

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| LARRY WHETSTONE, | ) | Civil Division |
| | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| MALONE BUSSING SERVICES, | ) | |
| STEVE MALONE and TERESA | ) | |
| DARDEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **VERIFICATION**

I, Larry Whetstone, plaintiff in the within action, verify that the statements made and facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made a crime and made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: _12 - 12 - 2018_

_Larry Whetstone_
Larry Whetstone

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| LARRY WHETSTONE, | CIVIL DIVISION |
|        Plaintiff, | No.  GD-18-016961 |
|   v. | **AFFIDAVIT OF SERVICE** |
| MALONE BUSSING SERVICES, STEVE MALONE and TERESA DARDEN, | Filed on behalf of Plaintiffs: |
|        Defendants. | **Larry Whetstone** |
| | **JURY TRIAL DEMANDED** |
| | Counsel of Record for this Party: |
| | Brian P. Benestad, Esquire<br>Pa. I.D. No. 208857 |
| | HKM EMPLOYMENT ATTORNEYS LLP<br>220 Grant Street<br>Suite 401<br>Pittsburgh, PA  15219<br>412.485.0133<br>bbenestad@hkm.com |

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| LARRY WHETSTONE, | ) | Civil Division |
| | ) | |
| Plaintiff, | ) | No. GD-18-016961 |
| v. | ) | |
| | ) | |
| MALONE BUSSING SERVICES, | ) | |
| STEVE MALONE and TERESA | ) | |
| DARDEN, | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF SERVICE OF COMPLAINT OF DEFENDANT STEVE MALONE

AND NOW COMES Plaintiff Larry Whetstone, by and through the undersigned counsel, and files the following Affidavit of Service of the Complaint on Defendant Steve Malone.  On December 19, 2018, the Complaint in the within action was sent by both certified mail, return receipt requested, and first class mail, postage prepaid to the out of state Defendant Steve Malone. On December 26, 2018, Defendant Steve Malone received the aforesaid Complaint. The mailing receipt and return receipt card evidencing the same are attached hereto and made a part hereof.

Date:   January 17, 2019

Respectfully Submitted,

*Brian P. Benestad*

_____
Brian P. Benestad, Esquire
Pa. I.D. 208857

HKM EMPLOYMENT ATTORNEYS LLP
220 Grant Street
Suite 401
Pittsburgh, PA  15219
412.485.0133
bbenestad@hkm.com

2

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,**
**PENNSYLVANIA**

| | | |
|---|---|---|
| LARRY WHETSTONE, | ) | Civil Division |
| | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| MALONE BUSSING SERVICES, | ) | |
| STEVE MALONE and TERESA | ) | |
| DARDEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **AFFIDAVIT OF SERVICE** was

filed electronically with the Court and served via electronic mail on this 17th day of January, 2019

upon the following:

John Pion, Esquire
Pion, Nerone, Girman, Winslow & Smith, P.C.
1500 One Gateway Center
420 Fort Duquesne Blvd.
Pittsburgh, PA 15222
JPion@pionlaw.com
*Attorney for Defendants*

Brian P. Benestad, Esquire

3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STEVE MOORE

157 LAND SPRINGS ROAD SE

CLEVELAND, TN 37323

9590 9402 4469 8248 7914 26

2. Article Number (Transfer from service label)

7018 1830 0002 0890 2289

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                  12-26-18

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



USPS TRACKING#

9590 9402 4469 8246 7914 26

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Brian Bergstad
Hern Employment Attorneys, LLP
220 Grant Street, Suite 401
Pittsburgh, PA  15219

# IN THE COURT OF COMMON PLEAS
## OF ALLEGHENY COUNTY, PENNSYLVANIA

LARRY WHETSTONE,

    Plaintiff,

        v.

MALONE BUSSING SERVICES,
STEVE MALONE and
TERESA DARDEN,

    Defendants.

CIVIL DIVISION

No. GD-18-016961

**NOTICE OF FILING OF NOTICE OF REMOVAL**

Code:

Filed on behalf of Defendants
MALONE BUSSING SERVICES, STEVE
MALONE and TERESA DARDEN

Counsel of record for this party:

John T. Pion, Esquire
PA I.D. #43675
jpion@pionlaw.com

Paul A. Custer, Esquire
PA I.D. # 87628
pcuster@pionlaw.com

PION, NERONE, GIRMAN, WINSLOW &
SMITH, P.C.
1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, PA  15222
412-281-2288

**JURY TRIAL DEMANDED**

**IN THE COURT OF COMMON PLEAS**
**OF ALLEGHENY COUNTY, PENNSYLVANIA**

LARRY WHETSTONE,                    )        CIVIL DIVISION
                                    )
            Plaintiff,              )        No. GD-18-016961
                                    )
            v.                      )
                                    )
MALONE BUSSING SERVICES,            )
STEVE MALONE and                    )
TERESA DARDEN,                      )
                                    )
            Defendants.

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO THE PROTHONOTARY:

TAKE NOTICE that on the 23rd day of January, 2019, the undersigned counsel for the

Defendants filed a Notice of Removal of this action from the Court of Common Pleas of

Allegheny County, Pennsylvania to the United States District Court for the Western District of

Pennsylvania.  A copy of said notice of removal is attached hereto and incorporated by reference

as if the same were fully set forth at length herein.

Respectfully submitted,

PION, NERONE, GIRMAN, WILSOW
& SMITH

BY:     /s/Paul A. Custer
        Paul A. Custer, Esquire
        1500 One Gateway Center
        420 Fort Duquesne Boulevard
        Pittsburgh, PA 15222
        412-281-2288
        Counsel for Defendants

## CERTIFICATE OF SERVICE

I, Paul A. Custer, Esquire, hereby certify that a true and correct copy of the foregoing Notice of Filing of Notice of Removal was served upon counsel of record via electronic mail, this 23rd day of January, 2019 as follows:

Brian P. Benestad, Esquire
HKM Employment Attorneys LLP
220 Grant Street, Suite 401
Pittsburgh, PA  15219
bbenestad@hkm.com
*(Counsel for Plaintiff)*

PION, NERONE, GIRMAN, WINSLOW &
SMITH, P.C.

By /s/Paul A. Custer
        Paul A. Custer, Esquire