IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

LARRY WHETSTONE,                    )
                                    )
                                    )    2:19-CV-00071-MJH
         Plaintiff,                 )
                                    )
     vs.                            )
                                    )
                                    )
MALONE BUSSING SERVICES, STEVE      )
MALONE, TERESA DARDEN,              )
                                    )
         Defendants,                )

**OPINION AND ORDER**

**I.    Background**

This matter arises from a personal injury claim wherein, a tractor trailer driven by Plaintiff, Larry Whetstone, was struck by a tour bus owned by Defendants, Malone Bussing Services and/or Steve Malone and operated by Defendant, Teresa Darden. (ECF No. 1-1 at ¶ 1). Plaintiff alleges claims for negligence, against Teresa Darden and Malone Bussing Services and/or Steve Malone, including claims for recklessness and punitive damages. As to Malone Bussing Services and Steve Malone, Plaintiff has averred a claim for negligent/reckless entrustment.

Defendants have filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), seeking to dismiss Plaintiff's claims for recklessness, punitive damages, and negligent/reckless entrustment. (ECF Nos. 3 and 4). Following careful review of the Plaintiff's Complaint (ECF No. 1-1), the Defense Motion to Dismiss and Brief in Support (ECF Nos. 3 and 4), and the Plaintiff's Response and Brief (ECF No. 6), the Motion to Dismiss is granted.

## II. Standard of Review

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable

inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

Finally, if the court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. The Court of Appeals has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002)).

### III. Discussion

#### A. Recklessness and Punitive Damages

Defendants argue that Plaintiff's Complaint does not contain sufficient facts to establish claims for recklessness and punitive damages. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742, 747 (1984) (quoting Restatement (Second) of Torts § 908(2) (1979). As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful,

3

wanton or reckless conduct. *See SHV Coal, Inc. v. Continental Grain Co.*, 526 Pa. 489, 587 A.2d 702, 704 (1991); *Feld*, 485 A.2d at 747-48; Chambers, 192 A.2d at 358. *See also* Restatement (Second) of Torts § 908, comment b. "[W]hen assessing the propriety of the imposition of punitive damages, '[t]he state of mind of the actor is vital.'" *Id.* at 770 (quoting Feld, 485 A.2d at 748). "[A] punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id.* at 770; *see also Scott v. Burke*, No. 2:13-CV-278, 2013 WL 4648402, at *3 (W.D. Pa. Aug. 29, 2013).

As noted in *Elmi v. Kornilenko*, 2018 WL 1157996 (W.D. Pa. Mar. 2, 2018), "Pennsylvania law requires "something more" than negligence" and "inclusion of simple allegations that a truck driver did not comply with the law or violated regulations does not, by itself, satisfy the requirements of Pennsylvania law for awarding punitive damages." *Id.* at * 5. Here, the Defendants arguments that the Complaint offers only conclusory allegations of recklessness in support of a claim for punitive damages are well-founded. Therefore, Defendants' Motion to Dismiss, as regards claims of recklessness and punitive damages, is granted. The claims for recklessness and punitive damages are dismissed, without prejudice. Plaintiff will be granted leave to file an amended complaint.

### B. Negligent/Reckless Entrustment

Defendants argue that Plaintiff has failed to plead facts which would support that Defendants, Malone Bussing or Steve Malone, knew or should have known that Darden would drive in a manner to create an unreasonable risk of harm to others. In regard to negligent entrustment, Pennsylvania follows Section 308 of the Restatement of the Law (Second) of Torts. *See* Fakes v. Terry, No. 15-cv-01574, 2018 WL 1382513, at *5 (W.D. Pa. Mar. 19, 2018) (citing

4

K*necht v. Balanescu*, No. 16-cv-00549, 2017 WL 4573796, at *7 (M.D. Pa. Oct. 13, 2017) ); *see also Ferry v. Fisher*, 709 A.2d 399, 403 (Pa. Super. Ct. 1998). Section 308 provides:

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Restatement (Second) of Torts § 308. Accordingly, to prevail on a negligent entrustment claim in the instant context, a plaintiff must show that the defendant "(1) permitted [a third party], (2) to operate its [automobile], and (3) that [the defendant] knew or should have known that [the third party] intended to or was likely to use the [automobile] in such a way that would harm another." *Fakes*, 2018 WL 1382513, at *5 (*citing Knecht*, 2017 WL 4573796).

Plaintiff contends that *Sterner v. Titus Transp., LP*, No. 3:CV-10-2027, 2013 WL 6506591, at *4 (M.D. Pa. Dec. 12, 2013) supports his negligent/reckless entrustment claim. *Sterner* stated that "[f]ederal district courts in Pennsylvania, however, have applied the majority rule and refused to allow claims for negligent entrustment, supervision, monitoring, and hiring to proceed when (1) the supervisor/employer defendant admits that its employee was acting in the scope of his or her employment at the time of the accident, and (2) the plaintiff does not have a viable claim for punitive damages against the supervisor/employer defendant." Id. at *4. Again, Defendant's arguments are well-founded. Plaintiff's claims for negligent/reckless entrustment are devoid of factual allegations to support this claim against Defendants, Malone Bussing and Steve Malone. Moreover, Plaintiff's reliance upon *Sterner* fails because he has alleged that Defendant, Darden, was operating the bus in the course and scope of her employment. (ECF No. 1 at ¶ 13). Plaintiff's reliance upon *Sterner* also fails because he presumes a viable claim for punitive damages which is being dismissed, without prejudice as discussed above. Accordingly, Defendant's Motion to Dismiss, Plaintiff's negligent/reckless entrustment, is granted. The claims for negligent/reckless

entrustment are dismissed without prejudice. Plaintiff will be granted leave to file an amended complaint.

ORDER

And Now this 2nd of April 2019, upon careful review of the Plaintiff's Complaint (ECF No. 1-1), the Defense Motion to Dismiss and Brief in Support (ECF Nos. 3 and 4), and the Plaintiff's Response and Brief (ECF No. 6), and for the foregoing reasons, Defendants' Motion to Dismiss is granted. Plaintiff's claims for recklessness, punitive damages, and negligent/reckless entrustment are dismissed, without prejudice. Plaintiff shall file any amended complaint on or before April 16, 2019. Defendants shall file an Answer on or before April 30, 2019.

BY THE COURT:

Marilyn J. Horan
United States District Judge